IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LYNN McCOY, *on behalf of M.B.*, | ) ) ) ) | CASE NO: 3:15-cv-01284 |
| Plaintiff, | ) ) | JUDGE JEFFREY J. HELMICK |
| v. | ) ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| COMMISSIONER OF SOCIAL SECURITY | ) ) ) | |
| Defendant. | ) | REPORT & RECOMMENDATION |

This case is before the undersigned United States Magistrate Judge pursuant to a referral under Local Rule 72.2.  Plaintiff Lynn McCoy ("Plaintiff" or "McCoy") acting *pro se* for MB seeks judicial review of a final decision of Defendant Commissioner of Social Security ("Commissioner") which she asserts adversely affects the Plaintiff in whole or in part.  Doc. 1.  As discussed below, Plaintiff has failed to prosecute this action.  Accordingly, the undersigned recommends that the Court **DISMISS** this case without prejudice.

## I. Background

Plaintiff filed her complaint on June 26, 2015.  Doc. 1.  Pursuant to the Court's July 20, 2015, Order (Doc. 6), the Defendant filed her Answer and the Transcript of Proceedings on September 17, 2015 (Doc. 9, Doc. 10).  Plaintiff's Brief was due on or before October 17, 2015.  *See* L.R. 16.3.1(d) and Doc. 6.  Plaintiff failed to file her Brief by the foregoing deadline.  On December 10, 2015, the Court provided Plaintiff additional time to file her Brief and warned Plaintiff that her failure to file her Brief by December 31, 2015, could result in dismissal of her

Complaint with prejudice for failure to prosecute.  Doc. 11.  As of January 4, 2016, Plaintiff had not filed her Brief.

## II.    Law and Analysis

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or involuntarily under Fed. R. Civ. P. 41(b).  *Link v. Wasbash R. Co.*, 370 U.S. 626, 629-632 (1962).  The authority to dismiss a plaintiff's case for failure to prosecute "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)).

The Sixth Circuit has set forth four factors to be used as guidance when determining whether a case should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  *Knoll*, 176 F.3d at 363.  Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."  *Id.*

With respect to the first factor, even after the undersigned provided Plaintiff with time beyond the original due date for filing her Brief and warned Plaintiff that a failure to file a Brief could result in dismissal of her case with prejudice for failure to prosecute, Plaintiff did not file her Brief.

With respect to the second factor, Defendant has been required to defend Plaintiff's Complaint.  Defendant filed an Answer and the Transcript of Proceedings.  Doc. 9, Doc. 10.

With respect to the third factor, on December 10, 2015, the Court warned Plaintiff that her failure to file a Brief could result in her Complaint being "dismissed with prejudice for failure to prosecute."  Doc. 11.

With respect to the fourth factor, in order to adjudicate this action, briefing is necessary. Thus, a sanction less than dismissal would not be effective in ensuring resolution of the case.

After considering the factors set forth in *Knoll*, the undersigned finds that dismissal is warranted.  However, although warned that her Complaint may be dismissed with prejudice, considering the fact that Plaintiff is proceeding *pro se*, the undersigned concludes that dismissal without prejudice (as a less drastic sanction than dismissal with prejudice) is warranted.

### III.    Recommendation

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** Plaintiff's Complaint without prejudice for failure to prosecute.

January 5, 2016

U.S. Magistrate Judge
KATHLEEN B. BURKE

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).